USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/13/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Muhammad Arshad,

            Plaintiff,

-against-

2090 Gas Corp.,

            Defendant.

1:21-cv-02654 (JGK) (SDA)

SCHEDULING ORDER FOR
DAMAGES INQUEST

**STEWART D. AARON, United States Magistrate Judge:**

On April 7, 2022, Judge Koeltl entered an Order finding that Plaintiffs are entitled to a default judgment against defendant 2090 Gas Corp. ("Defaulting Defendant"). (4/7/2022 Order, ECF No. 31.) On April 11, 2022, Judge Koeltl referred this case to me for an inquest with respect to the nature of the judgment to be entered. (Order of Ref., ECF No. 32.) Accordingly, it is hereby Ordered as follows:

1. Plaintiff shall serve the Defaulting Defendant and file Proposed Findings of Fact and Conclusions of Law concerning all damages and any other monetary relief permitted under the entry of default judgment no later than May 4, 2022. Plaintiff shall include with such service a copy of this Order. The submission shall contain a concluding paragraph that succinctly summarizes what damage amount (or other monetary relief) is being sought, including the exact dollar amount.

2. Plaintiff's Proposed Findings of Fact should specifically tie the proposed damages figure to their legal claim(s); should demonstrate how Plaintiff arrived at the proposed damages figure; and should be supported by one or more affidavits, which may attach any documentary evidence establishing the proposed damages. Each Proposed Finding of Fact shall be followed

<u>by a citation to the paragraphs of the affidavit(s) and or page of documentary evidence that supports each such Proposed Finding</u>. To the extent the Proposed Findings contain any allegations regarding liability, the Proposed Findings should cite to the appropriate paragraph of the Amended Complaint.

3. In lieu of conclusions of law, Plaintiff may submit a memorandum of law setting forth the legal principles applicable to Plaintiffs' claim or claims for damages (including but not limited to the legal basis for any claim for interest or attorneys' fees). Plaintiff's papers must include an affidavit from someone with personal knowledge, setting forth the facts which establish that the Court has both personal jurisdiction over the Defaulting Defendant, and jurisdiction over the subject matter.

4. The Defaulting Defendant shall send to Plaintiff's counsel and file with the Court their response, if any, to Plaintiff's submissions no later than May 18, 2022.

5. The Court hereby notifies the parties that it may conduct this inquest based solely upon the written submissions of the parties. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (quoting *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991)); *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). To the extent that any party seeks an evidentiary hearing on the issue of damages, such party must set forth in its submission the reason why the inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing and the nature of the evidence that would be submitted.

**SO ORDERED.**

DATED: New York, New York
April 13, 2022

_____
STEWART D. AARON
United States Magistrate Judge